UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-MJ-02039 SIMONTON

UNITED STATES OF AMERICA

vs.

CESAR T. LOPEZ,

      Defendant.

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __X__ No

                                 Respectfully submitted,

                                 WIFREDO A. FERRER
                                 UNITED STATES ATTORNEY

BY: _____
      ROBERT EMERY
      ASSISTANT UNITED STATES ATTORNEY
      Florida Bar No. 152579
      99 N. E. 4th Street
      Miami, Florida  33132-2111
      TEL (305) 961-9421
      FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America <br> v. <br> Cesar T. Lopez, <br><br> *Defendant(s)* | ) ) ) Case No. 16-MJ-02039-SIMONTON ) ) ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   January 8 and January 11, 2016   in the county of   Miami-Dade   in the
Southern   District of   Florida   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and (b)(1)(A)(i) | Possession with intent to distribute a controlled substance, that is, a mixture and substance containing one kilogram or more of heroin |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

*Complainant's signature*

Special Agent Brian Enzmann, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   01/12/2016

*Judge's signature*

City and state:   Miami, Florida           Andrea M. Simonton, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Brian Enzmann, being duly sworn, hereby depose and say that:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) assigned to the Miami Field Division, and I have been so employed since August, 2009. As such, I am an investigative and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516(1).

2. As a Special Agent, I have participated in numerous investigations involving the possession, manufacture, distribution, and importation of controlled substances, as well as the laundering of money involved in such activities. During those investigations, I have assisted in the arrests of many individuals for various drug and money laundering violations, and I have spoken with numerous drug dealers, gang members, and informants concerning the methods and practices of drug traffickers. The information set forth in this affidavit is based upon my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers.

3. The information set forth in this affidavit is provided solely for the purpose of establishing probable cause for the arrest of Cesar T. LOPEZ for knowingly possessing with intent to distribute a controlled substance, that is, a mixture and substance containing one (1) kilogram or more of a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i). I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause.

4. On or about December 14, 2015, a DEA cooperating witness (CW), met with a

1

Hispanic male, later identified as Cesar T. LOPEZ, at the Aventura Mall in Miami, Florida as arranged by a mutual third party associate. During this meeting, which was witnessed by DEA agents, the CW and LOPEZ agreed to conduct a transaction for heroin at a later date and exchanged contact information.

5. Between December 14, 2016 and January 11, 2016, the CW and LOPEZ engage in an ongoing text message conversation regarding future meetings and a future drug transaction.

6. On January 8, 2016, LOPEZ and the CW met at the Dadeland Mall in Miami, Florida. DEA Special Agents witnessed and recorded this meeting. Prior to the meeting, agents searched the CW and the CW vehicle for contraband with negative results. During the meeting the CW and LOPEZ discussed a heroin transaction and LOPEZ agreed to advance the CW approximately one kilogram of heroin to take with him/her to test the quality of the heroin. The price for this kilogram of heroin was approximately $48,600.00. Following the meeting, agents observed LOPEZ follow the CW to his/her vehicle. LOPEZ then called his associate to drive to LOPEZ's location in the parking lot. Once LOPEZ's associate arrived, LOPEZ went in the vehicle and retrieved a tan plastic grocery store and walked back to the CW's vehicle. Agents witnessed LOPEZ hand the CW, who was in the passenger seat of his/her vehicle, a plastic bag package through the passenger window and then return to his associate's vehicle. LOPEZ and his associate were observed driving away utilizing U-turns and high rates of speed. Immediately following the meeting, agents seized possession of the package and again searched the CW and the CW vehicle for contraband with negative results. The package received by the CW from LOPEZ field tested positive for heroin. The approximate weight of the heroin received from LOPEZ was one kilogram.

7. Later that same day, LOPEZ sent text messages and called the CW to make sure

the CW was safe and to arrange payment. During subsequent calls that day and leading up to January, 11, 2016, LOPEZ advised the CW that he had two more kilograms of heroin he could sell. The CW agreed to obtain more money to purchase the additional heroin on Monday (January 11, 2016). Agents recorded these conversations.

8. On January 11, 2016, LOPEZ met with the CW and an undercover officer (UC), a Hialeah Police Department Detective, at a shopping center in Miami Lakes, Florida. LOPEZ and his associate followed the UC vehicle to an undercover office located in Hialeah, Florida. LOPEZ, the CW, and the UC entered the office. During a brief recorded conversation inside the UC office the UC asked LOPEZ how much money he owed LOPEZ. LOPEZ responded that he (LOPEZ) already discussed the price with the CW. Shortly thereafter, LOPEZ was arrested without incident.

9. LOPEZ's associate gave consent to search his vehicle where agents discovered a sealed white postal package with the name "Cesar" handwritten on it. LOPEZ's associate stated that LOPEZ had entered his vehicle with the package when he picked LOPEZ up earlier in the day. A Hialeah drug K-9 unit positively alerted to drugs in the package.

10. LOPEZ gave verbal and written consent to open the package. Agents found two smaller packages in the larger package, each weighing approximately one kilogram. Both packages field tested positive for heroin. After waiving his *Miranda* rights orally and in writing, LOPEZ told agents that he was to make $2,000 per kilogram on the sale of the heroin to the CW.

11. Based upon the foregoing, your Affiant submits there is probable cause to believe that Cesar T. LOPEZ did knowingly possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing one (1) kilogram or more of a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(A)(i).

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
BRIAN ENZMANN, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this
12th day of January 2016

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

4